773 P.2d 282

Robert OSBORN and Betty S. Osborn,
husband and wife,
Plaintiffs–Respondents,

v.

Edward D. AHRENS and White, Ahrens,
Peterson & Perry, a partnership,
Defendants–Appellants.

No. 17238.

Supreme Court of Idaho.

May 8, 1989.

Quane, Smith, Howard & Hull, Boise, for appellants. W. Scott Wigle argued, Boise.

Ellis, Brown, Sheils & Steel, Boise, for respondents. Allen B. Ellis argued, Boise.

SHEPARD, Chief Justice.

This is an appeal from a judgment entered on a jury verdict awarding damages, attorney fees, prejudgment interests, and costs. We affirm in part and reverse in part.

Although the underlying facts are exceedingly complex, the essence of the claim is against Ahrens, a notary public, who allegedly executed a false certificate of acknowledgement of a signature on a deed. In a previous adjudication, *Osborn v. Alexander*, the signature of one of the parties was found to have been forged, and hence the instant claim was filed against Ahrens, the acknowledging notary public.

The Osborns, plaintiffs-respondents hereto, owned four parcels of farm land. The intended purchasers, Hergert Brothers, had difficulty in obtaining financing for one of those parcels because the price sought by the sellers, Osborns, exceeded published lender guidelines of the financing institution. Hence, a transaction was designed (creative financing) to defeat the limitation provisions of the published lender guidelines. The scheme involved essentially a straw man, Robert Alexander, who with his wife Dorothy, would purportedly purchase one parcel of the land. That property was to be held for an indeterminate period of time before transferring title to the real buyer, the Hergerts.

Unfortunately for all the parties, Mr. Alexander died before the transfer to the Hergerts was accomplished. Thereafter, in *Osborn v. Alexander*, it was found and adjudicated that the purported signature of

Dorothy Alexander on the mortgage and the promissory note were forgeries. Following Hergerts default on their separate agreement to make payments to the Alexanders, the original sellers, the Osborns, brought action against the Alexanders. Evidently in the interim the value of the real property had substantially decreased. In that underlying action it was adjudicated that the signature of Dorothy Alexander (then the surviving widow of Robert Alexander), had been forged to the documents in question. At a later time this action was filed against Ahrens, the acknowledging notary public.

In the instant action the sellers, Osborns, sought damages which could not otherwise be recovered for the default of the Alexanders. The jury was required by a special verdict form to ascertain the liability if any, of Ahrens, and to calculate damages based on "any amount that [plaintiffs] would have been entitled to recover if the signature of Dorothy Alexander had been found to be hers in the mortgage...." The jury found liability on the part of Ahrens and assessed damages in the amount of approximately $145,000.00 based on the unpaid principal of the promissory note assertedly executed by the Alexanders in favor of the Osborns. That amount included approximately $40,000.00 in accrued interest, plus approximately $5,700.00 for plaintiffs' attorney fees incurred in the previous *Osborn v. Alexander* action. To that amount the trial court added prejudgment interest of $28,833.00, based on the contract rate of interest compounded annually, and costs of $2,329.00.

From that verdict and judgment Ahrens and his professional association of White, Ahrens, Peterson & Perry, bring this appeal. First, it is contended that the damages were erroneously calculated at trial; secondly, the amount awarded for prejudgment interest included a sum that constitutes an award of interest on interest, and hence was erroneous; and third, that the claim is barred by the statute of limitations. We affirm the trial court on the damage and statute of limitation issues, but reverse and remand to the trial court for reconsideration of that portion of the judgment pertaining to prejudgment interest.

Appellant asserts error as to jury instructions relating to the measure of damage. We are urged to hold that the sellers, Osborns, have suffered no compensable loss from Ahrens' act of negligence. We disagree. The Osborns entered a transaction to sell their farm property to Robert and Dorothy Alexander. A promissory note was purportedly executed to create a personal promise to pay the sale price, plus interest, and that promissory note was secured by a mortgage on the property. The Osborns testified that they would not have transferred control of the property that they had farmed for a twenty-year period, had they known of the forgery of Dorothy Alexander's signature in the promissory note and mortgage.

In our view, the appellants' assertion of a change in market value of the property is irrelevant to the binding contractual nature of the negotiated note and mortgage instruments. There is no question but that had the mortgage been properly notarized, an enforceable personal obligation against Dorothy Alexander would have been created.

The improper notarization of an instrument either negligent or fraudulent, has been recognized as the proximate cause of loss. *McWilliams v. Clem*, 743 P.2d 577 (Mont.1987). As stated by that court:

> The statement of the notary in the certificate that Joan McWilliams had personally appeared before the notary to acknowledge the instrument was false. Based on the false certificate of acknowledgment by the notary, the deed was entitled to be accepted for recording ... The false certificate of acknowledgement was a proximate cause to those subsequent transactions. To hold otherwise would be to frustrate the very purpose of the statutes requiring such certificates.

743 P.2d at 583.

Here, the jury found the acts of Ahrens to be the proximate cause of the Osborn loss. As previously noted, the jury assessed damages based on the unpaid princi-

pal balance of the promissory note, plus past due interest at the rate of ten percent, as set forth in the promissory note. The jury verdict also included an award of attorney fees from the previous action against the Alexanders. We find no error in the measure of damage utilized by the court in its instructions to the jury in the instant case.

■ Appellants assert, and respondents concede, that the trial court erred in its awarded prejudgment interest in that it was compounded. Thus we reverse as to that portion of the judgment, and remand to the trial court for calculation of prejudgment simple interest calculated at the contract rate of ten percent.

■ Appellants assert that the trial court erred in its ruling that the Osborns' cause of action was not barred by the statute of limitations. The appellants state:

> The district court was correct in recognizing that either under I.C. § 5–218 or I.C. § 5–219(4) the statute of limitations [commenced] running when the plaintiff first sustains damage. This has been the clear ruling of this court in a number of decisions including *Treasure Valley Bank v. Killen and Pittenger*, 112 Idaho 357, 732 P.2d 326 (1987); *Mack Financial v. Smith*, 111 Idaho 8, 720 P.2d 191 (1986); *Streib v. Veigel*, 109 Idaho 174, 706 P.2d 63 (1985); *Blake v. Cruz*, 108 Idaho 253, 698 P.2d 315 (1985); and *Stephens v. Stearns*, 106 Idaho 249, 678 P.2d 41 (1984).

We agree. However, the appellant then argues that the statute of limitations may commence running even though the full extent of plaintiff's injuries may be unknown or unpredictible, citing *Ralphs v. City of Spirit Lake*, 98 Idaho 225, 560 P.2d 1315 (1977). Again, we agree. However, we view the instant case as presenting no facts indicating that the Osborns possessed any knowledge that they had been damaged by the negligent acts of Ahrens prior to the adjudication of the *Osborn v. Alexander* litigation. We view appellants' argument to be that the Osborns' damages occurred at the time of the forgery of Mrs. Alexander's signature, and its notarization by Ahrens, regardless of the Osborns' lack of knowledge. There is no showing in the record here that the Osborns had any knowlege of the forgery until the adjudication of the action between the Osborns and Mrs. Alexander. It is entirely possible that no damages, and hence no cause of action, would have arisen at any time if it had not been for the death of Robert Alexander. It is entirely possible that were Robert Alexander to have lived, he would have voluntarily or involuntarily fulfilled the obligation, and hence no damages to the Osborns would have accrued, and they would have had no cause of action. Our previous decisions are clear, and we cannot, and will not, artifically impose upon the Osborns knowledge which they did not possess, *i.e.*, that they had been damaged by the forgery. We hold that the trial court was eminently correct in its ruling that the Osborn claim was not barred by the statute of limitations, and that ruling of the trial court is affirmed.

The judgment of the trial court is affirmed in all respects except that portion dealing with prejudgment interest, as discussed infra, and the cause is remanded to the trial court solely for the purpose of recalculating such interest amount. No costs allowed.

BISTLINE, HUNTLEY, JOHNSON, JJ., and McFADDEN, J. Pro Tem., concur.